UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRAVIS DELANEY WILLIAMS,**

            Plaintiff,

v.                                            **Case No. 14-cv-452-pp**

**NURSE LESLIE,
NURSE TOM,
PATRICK J. NOONAN,
LIEUTENANT FRIEND,
SERGEANT MELISSA A. GONZALES,
CAPTAIN WEARING,
DEREK BERGUM,
NURSE NICOLE,
TROOPER JOHN DOE,
CARRIE L. BELLEW, and
NURSE PRACTITIONER JANE DOE,**

            Defendants.

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 52), DENYING PLAINTIFF'S MOTION TO STAY (DKT. NO. 61), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 66), GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DKT. NO. 67), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 71), AND SETTING NEW DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS**

On April 19, 2016, the court entered a scheduling order setting a discovery deadline of August 22, 2016, and a dispositive motion deadline of September 22, 2016. Dkt. No. 51.

On April 25, 2016, the plaintiff filed a motion to compel. Dkt. No. 52. He argues that the defendants have ignored a set of discovery requests he made on January 11, 2016. Id. He asks the court to compel the defendants to produce

1

numerous documents. Id. at 1-2. The defendants argue they never were served with these discovery requests and that none of the defendants had filed a notice of appearance or appeared in this case on January 11, 2016. Dkt. Nos. 54, 56. Discovery requests must be served on the defendants, not just filed with the court; filing discovery requests with the court does not obligate defendants to respond.

In fact, the court advised the plaintiff in its February 9, 2016 order that he "should serve his discovery requests (including his list of documents that he wants them to produce) on the defendants" after the court issued a scheduling order. Dkt. No. 29 at 15-16. The court also told the plaintiff, "It is too soon for the plaintiff to serve those demands now; the defendants are not even aware that he has sued them." Id. at 16.

Additionally, before filing a motion to compel, a party must meet and confer, or attempt to meet and confer, with the opposing party in an attempt to resolve any discovery dispute before bringing a motion. See Fed. R. Civ. P. 37(a)(1); Civil L. R. 37 (E.D. Wis.). The plaintiff did not provide a certification with his motion detailing his attempts to meet and confer with the defendants. Instead, the plaintiff filed this motion less than a week after the court entered its scheduling order. The court will deny the plaintiff's motion to compel. Dkt. No. 52.

On May 24, 2016, the plaintiff filed a motion to stay all proceedings in this case under Federal Rule of Civil Procedure 62. Dkt. No. 61. This confusing motion suggests that staff at Columbia Correctional Institution (CCI) are

tampering with his outgoing mail, and that the plaintiff plans to file a lawsuit against them in the Western District of Wisconsin. He wants this court to stay this case until he does that. He also asks this court to stay this case until the Business Office at CCI approves a legal loan so he can mail correspondence to the defendants.

As an initial matter, Rule 62 allows courts to stay proceedings to enforce a judgment, and it does not apply here (there is no judgment for the court to enforce). In any event, the court will not stay this case while the plaintiff negotiates the prison process of obtaining a legal loan or while he pursues separate claims in the Western District of Wisconsin. The court will deny this motion. If, in the future, the plaintiff is concerned that the court or the defendants have not received documents he mails to them, he should check with the court or those parties before filing a motion.

On August 22, 2016--the discovery deadline--the court received from the plaintiff a motion to appoint counsel and a motion to extend discovery. Dkt. Nos. 66, 67. In his motion to appoint counsel, the plaintiff asserts that the defendants are recording his conversations and conspiring with CCI staff to have him placed in segregation. Dkt. No. 66. The plaintiff represents that he wrote letters to three attorneys with no response.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a

reasonable effort to hire private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The plaintiff has done so. As a result, the court must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

The plaintiff he asks the court to appoint counsel in this case and in Case No. 14-cv-792 (E.D. Wis.) due to the "malicious tactics" one of the defendant's attorneys has employed. Dkt. No. 66 at 4. This is not a reason for the court to recruit *pro bono* counsel.

The plaintiff's incarceration means that there are limitations on his ability to litigate, including temporary placement in segregation that limits the ability to produce documents. However, those limitations alone do not mean the plaintiff is unable to litigate this case, and he has been able to effectively communicate with the court and conduct discovery in this case. The court will deny the plaintiff's motion.

The plaintiff also asks the court to extend the discovery deadline until January 2017 due to his placement in segregation, his limited law library time, and the case he filed in the Western District of Wisconsin against fifty-four defendants who work at CCI, including the law librarian. Dkt. No. 67 at 1. The court concludes that there is good cause to extend the discovery deadline. See

4

Fed. R. Civ. P. 6(b)(1)(A). However, the court does not believe the plaintiff needs another three months (more than four months beyond the original deadline). The court will extend the discovery deadline to **Monday, November 21, 2016**. All discovery requests must be served early enough that the responses will be due on or before that date. That means that the plaintiff has approximately a month to prepare and serve any written discovery responses. The court also will extend the deadline for filing dispositive motions to **Wednesday, December 21, 2016**.

Finally, the court will deny the plaintiff's motion to strike portions of the defendants' response to his motion to appoint counsel and motion to extend discovery. Although the plaintiff disagrees with factual assertions made by the attorney for the Racine County defendants, motions to strike are disfavored. In any event, the court's decisions regarding the plaintiff's motions do not depend on the facts the parties are disputing.

## ORDER

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 52. The court **DENIES** the plaintiff's motion to stay. Dkt. No. 61.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 66. The court **GRANTS** the plaintiff's motion to extend discovery. Dkt. No. 67. The court **DENIES** the plaintiff's motion to strike. Dkt. NO. 71.

All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **Monday, November 21, 2016**.

5

Motions for summary judgment, together with supporting materials, may be filed no later than **Wednesday, December 21, 2016**.

Dated at Milwaukee this 19th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge