# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DELANEY WILLIAMS,**

              Plaintiff,

v.                                             **Case No. 14-cv-452-pp**

**NURSE LESLIE, NURSE TOM,
PATRICK J. NOONAN, LIEUTENANT FRIEND,
SERGEANT MELISSA A. GONZALES,
CAPTAIN WEARING, DEREK BERGUM,
NURSE NICOLE, TROOPER JOHN DOE,
CARRIE L. BELLEW, and
NURSE PRACTITIONER JANE DOE,**

              Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR COURT RULING (DKT. NO. 73), DENYING PLAINTIFF'S MOTION FOR COURT RULING (DKT. NO. 74), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 75), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY (DKT. NO. 76), DENYING PLAINTIFF'S MOTION FOR SERVICE UNDER RULE 4(DKT. NO. 77), DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES (DKT. NO. 78), DENYING PLAINTIFF'S MOTION TO EXPEDITE (DKT. NO. 81), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 98), GRANTING PLAINTIFF'S MOTION TO FILE OVERSIZED BRIEF (DKT. NO. 100), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 101), GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 115), GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 117), DIRECTING RACINE COUNTY JAIL DEFENDANTS TO FILE REPLY MATERIALS ON OR BEFORE FEBRUARY 16, 2017, DIRECTING MEDICAL DEFENDANTS TO FILE REPLY MATERIALS ON OR BEFORE FEBRUARY 23, 2017, AND DIRECTING PLAINTIFF TO FILE HIS RESPONSE TO DEFENDANT DEREK BERGUM'S MOTION FOR SUMMARY JUDGMENT ON OR BEFORE MARCH 1, 2017**

---

## I. MOTIONS REGARDING DISCOVERY

On September 19, 2016, the court entered an order resolving motions outstanding as of that date. Dkt. No. 72. Ten days later, on September 29, 2016, the court received four more motions from the plaintiff. Dkt. Nos. 73-76.

The plaintiff filed a single document (which has been docketed twice at dkt. nos'. 73 and 74), entitled "Motion for a Court Ruling & Order Ruling Michael Lanzdorf Motion to Compel as Moot." Dkt. No. 73-74. In this motion, the plaintiff states that on September 13, 2016, he "was presented" with two documents: a medical release authorization form, and a letter from counsel for the Racine County Jail defendants, which the plaintiff alleges did not come through the United States mail. Dkt. No. 73 at 1. The letter, according to the plaintiff, instructed him to sign the release form or face a motion to compel. Id. The plaintiff denies that he refused to execute a previous medical release form, asserting that instead, he had sent the first form back to defense counsel with a request that defense counsel fill in the names the facilities counsel intended to provide with the form. Id. at 1-2. He also indicates that he told defense counsel that he would not sign the form with a pencil. Id. at 2. The plaintiff suggests that his refusal to sign the authorization resulted in institutional sanctions, including segregation and the institution's refusal to transfer him to a medium security facility. Id. at 3. He demands that the court deem defense counsel's motion to compel (which, as of the date the court received the plaintiff's motion, defense counsel hadn't filed) as moot, and to order defense counsel not to fax documents to the prison staff. Id.

The court will deny the motions at dkt. nos. 73 and 74, because the defendants never filed a motion to compel. There is nothing for the court to rule on or deem as moot. The court also notes that there is nothing in the rules requiring a party to send discovery documents by mail, rather than by fax.

The plaintiff also filed a motion to terminate and strike his deposition, which took place on August 16, 2016. Dkt. No. 75. The plaintiff asserts that the defendants' counsel conspired with prison staff to deny the plaintiff documents, to place the plaintiff in segregation, and to issue threats by way of staff messengers. Id. The plaintiff suggests that counsel "constantly belittled" him during the deposition by making statements like, "I ask the question here," and had prison staff in the room at all times. Id.

The plaintiff does not support any of these assertions with any evidence. There is nothing in the plaintiff's motion which indicates that defense counsel conducted the deposition "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." See Fed. R. Civ. P. 30(d)(3)(A). It is correct that in a deposition, it is the *deposing* party that gets to ask the questions, not the person being deposed. The court will deny the plaintiff's motion to strike. Dkt. No. 75.

The final motion the court received on September 29 was a motion for extension of discovery. Dkt. No. 76. At the bottom of the motion, the plaintiff listed the date of July 29, 2016—two months prior to the date the court received the motion. The caption of the motion indicates that the plaintiff was bringing the motion under Federal Rule of Civil Procedure 62(h). Id. In the

3

motion, the plaintiff asserts that he "was conspired against"—he does not say by whom—and locked in his cell for twenty-five days due to activity in Case No. 14-cv-792. Id. He indicates that he needs time to locate and confer with an inmate who can help him write a proper discovery request and help him locate the agency who can identify the John Doe trooper. Id.

Rule 62(h) does not apply to this case or the plaintiff's motion. That rule gives the court authority to stay the enforcement of a final judgment against one or more parties until the court enters a later judgment regarding the remainder of the case. There has been no judgment in this case; the court cannot stay enforcement of a judgment that doesn't exist.

The deadline for the parties to complete discovery in this case was November 21, 2016. Dkt. No. 72. The date the plaintiff put on the motion—July 29, 2016—would have been four months before the expiration of the discovery deadline. But the plaintiff does not explain why he needs an extension of a discovery deadline that won't expire for four months. The court didn't receive the motion until September 29, 2016—still, that was two months before the discovery deadline. Again, the plaintiff does not explain why he would need an extension of a deadline that would not expire for another two months, just to find time to talk to another inmate.

The court will deny all four of these motions.

## II. MOTIONS REGARDING ADDING PARTIES

The plaintiff's motion for service under Rule 4 (dkt. no. 77), filed October 3, 2016, and his motion to expedite (dkt. no. 81), filed November 10, 2016,

4

both ask the court to serve previously unnamed defendants the plaintiff now has identified. The court's April 19, 2016 scheduling order required all parties to amend pleadings by June 22, 2016. Dkt. No. 51. The court advised the plaintiff that this deadline "include[d] the identification of the parties previously identified by only their first names or as John Does." Id. The court further indicated that parties who were not identified by that date would be subject to dismissal. Id.

The plaintiff's motions to identify parties—received by the court more than three and more than four months after that deadline—come too late. In its September 19, 2016, order, the court extended the discovery deadline and the dispositive motion deadline, but the plaintiff never asked to extend the deadline for amendment of pleadings. The motion for extension of discovery that the court received on September 29, 2016, mentions identifying a different defendant (a state trooper), but that motion also arrived over three months after the deadline for amending pleadings.

The purpose of a deadline for amending pleadings is to provide finality to the pleadings, so that the case does not have to restart after the parties have completed discovery or filed dispositive motions. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996) (quoting Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994)).

The court will deny these motions.

### III. MOTION TO CONSOLIDATE

On October 17, 2016, the plaintiff filed a motion asking the court to consolidate this case with Williams v. Ortiz, 14-cv-792-pp. Dkt. No. 78. The court denied a similar motion filed in that case on February 7, 2017, and the same reasoning and conclusion applies here. See Williams v. Ortiz, No. 14-cv-792-pp, 2017 WL 499996, at *21-22 (Feb. 7. 2017). The court will deny this motion.

### IV. MOTIONS RELATED TO MOTIONS FOR SUMMARY JUDGMENT

The defendants filed three separate motions for summary judgment on December 21, 2016.

The court received the Racine County Jail defendants' motion on December 21, 2016. Dkt. No. 82. The scheduling order the court issued back in April indicated that a party opposing a motion for summary judgment "must file a response 'within 30 days of service of the motion.'" Dkt. No. 51 at 2. Rule 5 of the Federal Rules of Civil Procedure governs "Serving and Filing Pleadings and Other Papers." Rule 5(b) lists the acceptable ways for "serving" papers. Among those acceptable ways is Rule 5(b)(2)(C): "mailing [the paper] to the person's last known address—*in which event service is complete upon mailing.*" (Emphasis added.) So—under Rule 5, when a party services a notice by mail, the service is complete at the time that the party puts the notice in the mail. The certificate of service indicates that the defendants put their motion in the mail on December 21, 2016. Dkt. No. 97. That means that the plaintiff's

response was due by Monday, January 23, 2017 (the thirty-day deadline would have been Friday, January 20, 2017, but because of the Christmas and New Year's holidays, it moved out to January 23, 2017).

The court also received defendant Derek Bergum's motion for summary judgment on December 21, 2016. Dkt. No. 88. The certificate of service indicates that defendant Bergum's counsel put the motion in the mail on December 21, 2016. Dkt. No. 88-1. So again, the plaintiff's response would have been due January 23, 2017. Finally, the court received the medical defendants' motion for summary judgment on December 21, 2016, dkt. no. 92; the certificate of service indicates that it would be put in the mail on December 23, 2016, dkt. no. 96; thus, the plaintiff's response to that motion was due January 23, 2017.

On January 23, 2017, the court received from the plaintiff a motion for extension of time, asking the court to allow him to file an oversized brief, and asking for a deadline of March 1, 2017 by which to file his response to the defendants' motions for summary judgment. Dkt. No. 98. The motion stated that the plaintiff had been placed in higher level segregation, where he is allowed only a rubber pencil with which to write; he can exchange it only twice a week for a better one with a point. Id. at 1. He also noted that he has multiple motions for summary judgment to which he must respond. Id. at 2.

On January 26, 2017—only three days after the due date—the court received from the plaintiff two documents opposing the jail defendants' motion for summary judgment. Dkt. Nos. 102, 103. On February 2, 2017, only seven

7

days after the due date, the court received from the plaintiff his brief in opposition to defendant Bergum's motion. Dkt. No. 109. On that same date, the court received a separate, one-page document, also entitled "Opposition to D.L. Bergum Motion for Summary Judgment." Dkt. No. 110. The court has not yet received the plaintiff's response to the medical defendants' motion.

The court considers the plaintiff's explanation regarding his move to a different security level, his restriction to using a rubber pencil, and his explanation about the number of motions to which he had to respond, to constitute good cause for an extension of time under Federal Rule of Civil Procedure 6(b). The court will deem timely the responses it already has received (the responses to the jail defendants' motion and to defendant Bergum's motion), but will extend the deadline for the plaintiff to respond to the final motion for summary judgment to March 1, 2017.

Also on January 23, 2017, the court received from the plaintiff a motion to file an oversized brief, and a motion to strike. Dkt. Nos. 100, 101. The plaintiff argues that because the institution limits him to using a rubber pencil, he can't confine his response to thirty pages. Dkt. No. 100. He asks the court to allow him to file a seventy-five-page brief. Id. at 2.

The plaintiff court received that motion on January 23, 2017. Three days later, on January 26, 2017, the court received from the plaintiff his opposition brief to the defendants' motion for summary judgment (dkt. no. 103, thirty-six page) and his brief in opposition to defendant Bergum's motion for summary judgment (dkt. no. 109, fourteen pages). It appears that these were the motions

8

that his motion to file an oversized brief referred to. Neither of those briefs is unreasonably long. Thus, the court will grant the plaintiff's motion to file oversized briefs in opposition to the motions for summary judgment. Dkt. No. 100. (The court notes that the plaintiff seems to have filed two briefs opposing defendant Bergum's motion—the fourteen-page brief he filed at dkt. no. 109, and a one-page opposition at dkt. no. 110.)

In his motion to strike, the court asks the court to strike the pending motions for summary judgment because defendants Tom Madole and Mahita Gone have not been served. Dkt. No. 101. As discussed above, the plaintiff's identification of these defendants was untimely, and the court is not allowing the plaintiff to amend his complaint to add these defendants, nor will it order the marshals to serve them. The court will deny this motion.

On February 9, 2017, two sets of defendants filed expedited motions for extensions of time to file reply materials regarding their motions for summary judgment. Dkt. Nos. 115, 117. As an initial matter, the court notes that Civil Local Rule 7(h)(3) specifically states that the rule, and the expedited motion practice for which it provides, does not apply in cases brought under 42 U.S.C. §1983 by incarcerated persons who are proceeding *pro se.* Nevertheless, the court will allow each set of defendants an extra week to respond to the plaintiff's voluminous, and difficult to read, responses. The Racine County Jail defendants, who received the plaintiff's response on January 26, 2017, shall file their reply materials on or before the end of the day on February 16, 2017. The medical defendants, who received the plaintiff's response on February 2,

9

2017, shall file their reply materials on or before the end of the day on February 23, 2017.

**V. CONCLUSION**

The court **DENIES** the plaintiff's motion for a court ruling. Dkt. No. 73. The court **DENIES** the plaintiff's motion for a court ruling and order ruling Michael Lanzdorf's motion to compel as moot. Dkt. No. 74. The court **DENIES** the plaintiff's motion to strike. Dkt. No. 75. The court **DENIES** the plaintiff's motion for extension of discovery. Dkt. No. 76.

The court **DENIES** the plaintiff's motion for service under Rule 4, dkt. 77, and **DENIES** the plaintiff's motion to expedite, dkt. no. 81.

The court **DENIES** the plaintiff's motion to consolidate this case with Case No. 14-CV-792. Dkt. No. 78.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 98. The court **ORDERS** that the plaintiff shall file his response to the motion for summary judgment filed by defendants Nurse Leslie and Nurse Nicole in time for the court to receive it on or before **March 1, 2017**.

The court **GRANTS** the plaintiff's motion to file oversize brief, dkt. no. 100, but the court **DENIES** the plaintiff's motion to strike, dkt. no. 101.

The court **GRANTS** the Racine County Jail defendants' motion for extension of time. Dkt. No. 115. The court **ORDERS** that these defendants shall file their reply materials on or before **February 16, 2017**.

The court **GRANTS** the medical defendants' motion for extension of time. Dkt. No. 117. The court **ORDERS** that these defendants shall file their reply materials on or before **February 23, 2017**.

Dated in Milwaukee, Wisconsin this 13th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge