UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DELANEY WILLIAMS,

                        Plaintiff,

        v.                                          Case No. 14-cv-452-pp

NURSE LESLIE, NURSE TOM,
PATRICK J. NOONAN, LIEUTENANT FRIEND,
SERGEANT MELISSA A. GONZALES,
CAPTAIN WEARING, DEREK BERGUM,
NURSE NICOLE, TROOPER JOHN DOE,
CARRIE L. BALLEW, and
NURSE PRACTITIONER JANE DOE,

                        Defendants.

**DECISION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO
STRIKE (DKT. NO. 129), DENYING PLAINTIFF'S MOTION FOR RELIEF
FROM JUDGMENT (DKT. NO. 131), DENYING PLAINTIFF'S MOTION TO
STRIKE (DKT. NO. 132), DENYING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT (DKT. NO. 134), GRANTING PLAINTIFF'S MOTION FOR
EXTENSION OF TIME (DKT. NO. 138), GRANTING THE MEDICAL
DEFENDANTS' MOTION TO AMEND/CORRECT PROPOSED FINDING OF
FACT (DKT. NO. 153), AND DIRECTING PLAINTIFF TO FILE HIS
RESPONSE TO THE MEDICAL DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON OR BEFORE AUGUST 11, 2017**

On February 13, 2017, the court issued an order resolving all of the non-

dispositive motions pending at that time. Dkt. No. 120. Since then, the plaintiff

has filed several new motions. Dkt. Nos. 129, 131, 132, 134, and 138. The

Medical Defendants also have filed a motion. Dkt. No. 153.

<u>The County Defendants</u>

On February 9, 2017, the County Defendants filed an expedited motion asking the court to extend their deadline to file their reply in support of their motion for summary judgment. Dkt. No. 115. The court granted that motion in its February 13, 2017 order. Dkt. No. 120. On February 16, 2017, the court received from the plaintiff an objection to or, alternatively, a motion to strike the Racine County defendants' motion for extension of time to file their reply brief in support of their motion for summary judgment. Dkt. No. 129. In the motion, the plaintiff argued that counsel for the County Defendants was "crooked," and was trying to make the plaintiff look bad by claiming that the plaintiff's voluminous briefs required more time to review. <u>Id.</u> at 1-2. The plaintiff claimed that counsel had been "on the phone for days at a time," in what he believed was a conspiracy, talking to this court about causing problems in the plaintiff's other cases. <u>Id.</u> at 2. The plaintiff concluded by asking the court to grant summary judgment in his favor against the County Defendants. <u>Id.</u> at 3. It appears the plaintiff prepared this motion before he received the court's February 13, 2017 order.

On February 24, 2017, the court received from the plaintiff a motion for default judgment. Dkt. No. 134. In this motion, he returned to the issues he raised in the February 16, 2017 objection/motion to strike. He again took issue with the reasons the County Defendants gave for requesting the extension of time to file their reply, calling the reasons (the voluminous nature of the plaintiff's briefs and the difficulty in reading them) a "deliberate lie." <u>Id.</u> at 2. He

asked the court to enter judgment in his favor because of his belief that the County Defendants misled the court into giving them more time to reply.

The court has not had telephone conversations with counsel for the County Defendants in this or any of the plaintiff's other cases. For the court to speak with counsel for the County Defendants without having the plaintiff on the line would constitute an *ex parte* contact; the court may not have *ex parte* discussions with parties to a case.

The County Defendants did ask for more time to reply, and they did base that request on the fact that the plaintiff's summary judgment materials were voluminous and hard to read. Dkt. No. 115. The plaintiff *did* file voluminous materials, and it *is* difficult to read documents written with a rubber pencil, especially when the documents then are scanned into the court's electronic docketing system (which sometimes can make an image a bit blurry). That is not a criticism of the plaintiff. It is just a statement of fact, and an explanation of why the County Defendants needed additional time to respond. The court gave them that time, dkt. no. 120, and the County defendants filed their reply materials on February 15, 2017, dkt. no. 121. The County Defendants did not lie to the court, or mislead it into giving them additional time, and so there was no basis for the court to deny them that additional time, or to punish them by entering default judgment in the plaintiff's favor.

Even if the County Defendants had been late in filing their reply materials, the court would not grant the plaintiff's request for default judgment. Reply materials are optional; parties aren't required to file them.

Civil Local Rule 56(b)(3) provides that "[a] moving party *may* file [reply materials] within 14 days of the service of the opposing party's materials under subsection (b)(2)." Civil L. R. 56(b)(3) (E.D. Wis.) (emphasis added). In contrast, the provisions in Local Rule 56(b)(1) and (b)(2) contain the word "must." Civil L. R. 56(b)(1) and (2) (E.D. Wis.).

Finally, the plaintiff asks the court to direct counsel for the County Defendants to "enter into an mediation consistent with Section 655.43 of the Supreme Court of Wisconsin . . . ." Dkt. No. 134 at 3. The court will deny this request. Wis. Stat. §655.43 states, "The claimant and all respondents named in a request for mediation filed under s. 655.44 or 655.445 shall participate in mediation under this subchapter." This case is not a health care suit under the Health Care Liability and Injured Patients and Families Compensation law of Wisconsin; §655.43 does not apply here. The court will deny both the motion to strike the County Defendants' motion for an extension of time, and the plaintiff's motion for default judgment.

One of two motions the court received on February 21, 2017 is an expedited motion for relief from judgment. Dkt. No. 131. The plaintiff points out that the caption of the court's February 13, 2017 order required him to file his response to defendant Derek Bergum's motion for summary judgment by March 1, 2017, but that he already had filed that response. The plaintiff is correct—the court had received the plaintiff's response to Bergum's motion on February 2, 2017. Dkt. No. 109. The court apologizes to the plaintiff for its error—the body of the February 13, 2017 order reflects the court's

acknowledgement that the plaintiff responded to Bergum's motion for summary judgment, and its intention to give the plaintiff until March 1, 2017 to respond to the motion for summary judgment filed by *Nurse Leslie and Nurse Nicole.* The court will deny the plaintiff's motion for relief from judgment as moot; he does not need relief from the order, because he already has complied with it.

<u>The Medical Defendants</u>

Most of the motions the plaintiff filed since February 13, 2017 relate to a mix-up with regard to the Medical Defendants' motion for summary judgment. A bit of history is helpful. The Medical Defendants filed their motion for summary judgment on December 21, 2016. Dkt. No. 92. The plaintiff never has filed a response to that motion. On February 9, 2017, however, the Medical Defendants filed a motion asking the court to give them an extension of time to reply—despite the fact that the plaintiff had not responded. Dkt. No. 117. In its February 13, 2017 order, the court granted that request (not realizing that the plaintiff had not filed a response to the Medical Defendants' motion for summary judgment). The post-February 13, 2017 motions relate to the confusion that arose out of this set of circumstances.

In the February 21, 2017 motion in which he asked for relief from the court's order requiring him to respond to Bergum's motion for summary judgment, dkt. no. 131, the plaintiff also indicated that he never had received the motion for summary judgment from Nurse Leslie and Nurse Nicole (even though their certificate of service, dkt. no. 96, indicates that they mailed the motion to the plaintiff). The plaintiff asked the court to direct the defendants to

send him a new copy of the motion and supporting documents, and asked the court to extend his time to respond to that motion. Dkt. No. 131 at 2.

The court received a second motion from the plaintiff on February 21, 2017; this one asked the court to strike the February 9, 2017 motion for extension of time filed by counsel for Nurse Leslie and Nurse Nicole; in the alternative, it objected to the court's having granted the motion. Dkt. No. 132. The plaintiff reiterated that he never received a motion for summary judgment from Leslie and Nicole. Dkt. No. 132 at 1. Given that fact, he indicated that he did not file a response to the motion, and so there was "nothing to reply to." Id. at 2-3. The plaintiff is correct.

In their February 9, 2017 motion for extension of time to reply. Leslie and Nicole indicated that the plaintiff had filed a portion of his response to their motion for summary judgment on January 26, 2017 (Dkt. No. 104), and another portion on February 2, 2017 (Dkt. No. 109). The court has looked at those two documents. Dkt. No. 104 is the plaintiff's response to *the County Defendants'* motion for summary judgment, and Dkt. No. 109 is the plaintiff's response to *Bergum's* motion for summary judgment. As the court already has indicated, the plaintiff has not filed a response to *Leslie and Nicole's* motion for summary judgment.

On March 3, 2017, counsel for Nurse Leslie and Nurse Nicole filed a letter acknowledging the various errors which had led to this confusing state of affairs. The letter stated that counsel did not know why the plaintiff had not received the motion for summary judgment and the supporting material. He

stated, however, that his office had sent a second copy to the plaintiff earlier that week. Dkt. No. 136. Counsel also indicated that he did not object to the court giving the plaintiff a reasonable extension of time to respond to their motion. Id. Counsel apologized for any confusion caused by the February 9, 2017 motion for extension of time to file reply materials; he mistakenly believed that the plaintiff's response to Bergum's motion for summary judgment contained responses to the motion for summary judgment he filed on behalf of Leslie and Nicole. Id.

On March 6, 2017, the court received from the plaintiff a motion asking for an extension of time to respond to the motion for summary judgment filed by Nurse Leslie and Nurse Nicole. Dkt. No. 138. The plaintiff stated that not only had he just received the motion, but that he must use a rubber pencil to respond; that he can barely see out of the glasses he must wear; and that he has to have psychology services go over the motion for summary judgment with him. Id. The court considers this—as well as the confusion over the fact that the plaintiff received the motion months after Leslie and Nicole filed it—good cause for an extension of time under Federal Rule of Civil Procedure 6(b)(1). Indeed, the plaintiff's time to respond to Leslie and Nicole's motion did not begin to run until he actually received it.

The court will deny the plaintiff's motion for relief from judgment, and will deny his motion to strike. The court will grant the plaintiff's request that the court give him additional time to reply to the Medical Defendants' motion

for summary judgment, and will give him more time than he requested to ensure his ability to file a timely response.

Finally, on April 11, 2017, the court received from Leslie and Nicole a motion asking the court to allow them to correct one of their proposed findings of fact. Dkt. No. 153. The motion indicates that in proposed finding of fact 15, they stated that the plaintiff was assessed on May 8, 2013, two days after he arrived at the Racine County Jail. The motion indicates that actually, while medical staff saw the plaintiff on May 8—which was actually the day he arrived at the jail from the hospital—he wasn't assessed until May 10, 2013. Id. at 1-2.

The plaintiff objected to this motion, arguing that he was looked at but he was never treated, and he never received any medication. Dkt. No. 155. The court will grant the defendants' motion to correct proposed finding of fact 15. The plaintiff has the right to dispute the proposed finding, and the court understands that he does. But the court will allow the defendants to correct the dates.

Conclusion

The court **DENIES AS MOOT** the plaintiff's motion to strike the County Defendants' motion for an extension of time to reply. Dkt. No. 129. The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 131. The court **DENIES** the plaintiff's motion to strike the Medical Defendants' motion for an extension of time. Dkt. No. 132. The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 134.

The court **GRANTS** the plaintiff's motion for extension of time to file a response to the Medical Defendants' motion for summary judgment. Dkt. No. 138. The court **ORDERS** that the plaintiff shall file his response to the motion for summary judgment filed by Nurse Leslie and Nurse Nicole in time for the court to receive it on or before **August 11, 2017.**

The court **GRANTS** the Medical Defendants' motion to correct their proposed finding of fact 15. Dkt. No. 153.

Dated in Milwaukee, Wisconsin this 27th day of June, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**